# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | **CASE NUMBER 1:99-CR-00016-MAC** |
| **v.** § | |
| § | |
| § | |
| **WILLIAM LARRY MILLER, JR.** § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On April 11, 2024, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant William Larry Miller, Jr. The government was represented by Bob Wells, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Extortion Through Mail by Written Communication, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on total offense level of 29 and criminal history category of VI, was 151 to 188 months. On January 20, 2000, U.S. District Judge Howell Cobb of the Eastern District of Texas sentenced Defendant to 188 months imprisonment followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include not committing any offenses against a foreign state or nation, financial disclosure, alcohol abuse testing and treatment, drug abuse testing and treatment, mental health treatment, and mental health medications. On January 11, 2024, Defendant completed his period of imprisonment and began service of the supervision term.

Under the terms of supervised release, Defendant was prohibited from any unlawful use or possession of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release when he submitted urine samples that tested positive for cocaine on January 25, 2024, February 1, 2024, February 6, 2024, February 9, 2024, February 14, 2024, February 21, 2024, February 27, 2024, March 13, 2024, and March 17, 2024. The government further alleges that Defendant violated his conditions of supervised release when he submitted urine samples that tested positive for methamphetamine on January 25, 2024, February 21, 2024, and February 27, 2024.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervision by possessing controlled substances as alleged above, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the Guideline imprisonment range for a Grade B violation is 21 to 24 months. U.S.S.G. § 7B1.4(a).

At the hearing, Defendant testified and did not dispute the alleged positive drug tests but maintained that they were the result of his unintentional consumption of cocaine/methamphetamine from supplements/medications he acquired off the street. He conceded that he admitted to the probation officer that he used cocaine on January 25, February 1, and February 6, 2024. *See* Defendant's Ex. 1. While he disputed intentionally using cocaine on February 9 and February 14, 2024 and blamed "pills" he was taking for the positive tests, he conceded that he continued using the same supplements/medications and continued testing positive for cocaine and methamphetamine on multiple occasions thereafter. *See* Defendant's Ex. 2 and Government's Ex. 1.

In response, the government submitted a letter from Dr. Cheska Burleson, Ph.D. *See* Government's Ex. 1. Dr. Burleson is the Laboratory Director at Alere Toxicology Services, Inc., which conducted the toxicology screenings on Defendant's urine samples. Dr. Burleson's letter explains that the presence of the cocaine metabolite Benzoylecgonine (BE) in urine indicates that the donor of the urine specimen used cocaine and that BE is only found in the body after the use of cocaine. *Id.* Defendant submitted urine samples on January 25, February 1, February 9, February 14, February 21, and February 27, 2024. Dr. Burleson explains that these urine samples showed the presence of BE, and that, in her opinion, the increase in the level of BE in the urine collected on February 1 and February 21, and the level of BE present in the urine specimens indicates that Defendant used cocaine prior to the collections on January 25, February 1, February 9, February 14, February 21, and February 27, 2024. *Id.* at 2.

Dr. Burleson's letter also explains that the presence of D-methamphetamine (d-MAMP) in urine (without a prescription for Desoxyn or Benzphetamine) indicates that the donor of the urine specimen used methamphetamine. *Id.* at 1. Defendant submitted urine samples on January 25, February 21, and February 27, 2024. Dr. Burleson explains that these urine samples showed the presence of d-MAMP, and that, in her opinion, the level of d-MAMP in the urine collected indicates that Defendant used methamphetamine prior to the collections on January 25, February 21, and February 27, 2024. *Id.* at 2–3.

Having considered the testimony and exhibits introduced at the hearing as well as the entire file in this matter, the Court does not find Defendant's explanation for the positive drug tests credible. The scientific evidence and the sheer number of tests undermine Defendant's testimony. Even if the positive tests were the result of supplements/medications, that does not explain his admissions to using cocaine and his continued use of those same supplements/medications after

3

he contended that they were causing the positive tests. Such circumstances alone evince a willful disregard for conditions of supervised releases and warrant revocation of supervised release. Accordingly, the court finds that Defendant violated the conditions of supervised release as alleged by possessing cocaine on or about January 25, February 1, February 6, February 9, February 14, February 21, February 27, March 13, and March 17, 2024. The court further finds that Defendant violated the conditions of supervised release as alleged by consuming methamphetamine on or about January 25, February 21, and February 27, 2024.

The court therefore **RECOMMENDS** that (1) Defendant William Larry Miller, Jr. has violated his conditions of supervised release by committing the Grade B violations referenced above, (2) his supervised release be revoked and (3) he be sentenced to 21 months in prison, followed by 2 years of supervised release.

The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 16th day of April, 2024.**

*/s/ John D. Love*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE